IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOSEPH J. TREVINO, § <br> (Tarrant No. 0355518) § <br>     Plaintiff, § <br> v. § <br> § <br> STATE OF TEXAS, Et Al. § <br> § <br>     Defendants, § | CIVIL ACTION NO. 4:19-CV-715-P |

**MEMORANDUM OPINION and ORDER OF DISMISSAL
UNDER 28 U.S.C. §§ 1915A(B) and 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate/plaintiff Joseph J. Trevino's ("Trevino") case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Having reviewed the complaint, the Court finds that this action must be **DISMISSED** under authority of these provisions.

**I.    BACKGROUND**

Trevino, an inmate at the Tarrant County Jail, completed and filed the Court's civil-rights complaint form. Complaint, ECF No.1. He also identifies himself as "Dunaway Green Huette," "Sea Dreamer," and "De Pour Haus." Complaint 4, ECF No.1. Trevino named as defendants the State of Texas or Killeen Army Base, ESPN and TNT, Kroger Community Stores, Chicago's Empire Records, Warner Brothers, and Time Warner. *Id.* at 2. Plaintiff contends these defendants are responsible for such things as (1) the "murder" of his father, sister, and wife; (2) the break-up of his marriage; (3) the extortion of his family; and (4) defamation of his character. *Id*. at 3–4. Plaintiff requests a declaratory judgment, injunctive relief, and "just compensation." *Id.* 4.

## II. LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff Trevino is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). Because Trevino is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327–28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citations and internal quotation marks omitted).

## III. ANALYSIS-FRIVOLOUS CLAIMS

In this instance, the allegations in Trevino's complaint have risen to the level of the irrational or wholly incredible. Trevino has included only conclusory statements against the State of Texas and national companies that are wholly devoid of any particular facts or any rational basis for how any of the defendants could be responsible to him. Trevino's allegations include the following statements as to why he named each defendant:

> Defendant #1: State of Texas or Kileen [sic] Army Base—Murder of my Father & my sister & my wife. Also captivity of my Children & Extortion of my family.
>
> Defendant #2: ESPN & TNT movie station may be partially liable the same.
>
> Defendant #3: Kroger Grocery Stores—Broke up my marriage after 8 years.
>
> Defendant #4: Chicago's Empire Records—Extortioned [sic] my family.
>
> Defendant #5: Warner Brother's [sic] & Time Warner—Defamed my character, violated my privacy & Extortioned [sic] my family.

Complaint 3, ECF No. 1. In the statement of claim section of the complaint, Trevino wrote the following:

> My father Johnny Cornovio Trevino and my sister were both killed and we believe that their murder was premeditated. We believe my wife Zanika was premeditatedly murdered. Also that both my children Laurena Elyssa Trevino and Jacob John Trevino have been kidnapped possibly against their will.
>
> My rights have been violated. I have been assaulted by the State of Texas and my family has been extortioned [sic] over my safety.

*Id*. at 4.

Plaintiff's allegations in this suit describe fantastic or delusional scenarios and rise to the level of the irrational or wholly incredible as recognized in *Neitzke. See* 490 U.S. at 327–28; *see also Denton,* 504 U.S. at 32–33. Outright dismissal for factual frivolity is appropriate "when the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999) (quotations omitted). The United States Court of Appeals for the Fifth Circuit recently gave district courts guidance with regard to the resolution of "frivolous" claims:

> Some claims are "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy." *See Oneida Indian Nation of N.Y. v. Oneida Cty.*, 414 U.S. 661, 666, 94 S. Ct. 772, 39 L. Ed.2d 73 (1974). Federal courts lack power to entertain these "wholly insubstantial and frivolous" claims. *Southpark Square* [*Ltd v. City of Jackson, Miss.*], 565 F.2d [338,] 343–44 [5th Cir. 1977)]. Determining whether a claim is "wholly insubstantial and frivolous" requires asking whether it is "obviously without merit" or whether the claim's "unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject." *Id*. at 342.

*Atakapa Indian Creole Nation v. Louisiana,* 943 F.3d 1004, 1006 (5th Cir. 2019).

Trevino's claims, like the claims in *Atapaka,* are factually frivolous and "obviously without merit." In the *Atapaka* case, the Fifth Circuit concluded by stating:

> "The government should not have been put to the trouble of responding to such spurious arguments, nor this court to the trouble of 'adjudicating' this meritless appeal." *Crain* [v. Comm'r], 737 F.2d [1417,] 1418 [(5th Cir. 1984) (per curiam)]. The district court lacked jurisdiction "because the claim[s] asserted [are] so attenuated and unsubstantial as to be absolutely devoid of merit.'"

*Atakapa*, 943 F.3d at 1007 (quoting *Crain* and *Southpark Square*, 565 F.2d at 344)).

Applying the Fifth Circuit's recent analysis to this case, the Court lacks jurisdiction to consider Trevino's claims because they are so insubstantial and frivolous as to be absolutely devoid of merit. The claims must be dismissed as frivolous under authority of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

## IV. CONCLUSION and ORDER

It is therefore **ORDERED** that all Plaintiff's claims are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i).

**SO ORDERED** this **2nd day** of **January, 2020.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE